JS6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01428-DOC-SKx                    Date: June 28, 2024

Title: ANDRANIK ANDY AROYAN ET AL V. BMW FINANCIAL SERVICES NA, LLC ET AL

PRESENT:      THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

|  Karlen Dubon  | | Not Present |
| :---: | :---: | :---: |
| Courtroom Clerk | | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

### I.      Background

Plaintiffs Andranik Andy Aroyan and Hasmik Jessica Ketchedjian leased a 2021 BMW M8 Gran Coupe (the "Vehicle") from Defendants BMW Financial Services NA, LLC ("BMW") and PAG Santa Ana B1, Inc. ("PAG"). Complaint ("Compl.") (Dkt. 1-1) at 1. Plaintiffs allege that Defendants induced them to enter into a lease. *Id.* The lease stated that in the event of a total loss, Defendant BMW could collect the insurance payment. *Id.* Defendants assured Plaintiffs that the financial obligation in the lease would not "exceed the down payment, monthly payments, and the lease end fee." *Id.* Based on this assurance, Plaintiffs believed they could purchase the Vehicle at any time for the remaining balance on the lease account, and also keep any value above that balance as equity. *Id.* The Vehicle was deemed a total loss, and the insurance company issued payments to Defendants. *Id.* Defendants did not remit Plaintiffs' equity. *Id.*

Plaintiff sued Defendants in Orange County Superior Court, alleging two violations of contract common law, two violations of Business & Professions Code § 17200, et seq., and one violation of the California Consumer Legal Remedies Act. *See*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01428-DOC-SKx                                    Date: June 28, 2024

Page 2

*generally id.* Defendant PAG was dismissed from the case on May 29, 2024. The remaining Defendant BMW removed the case to this Court on June 25, 2024, asserting that this Court has diversity jurisdiction. Notice of Removal ("Notice" or "Not.") (Dkt. 1) ¶ 3.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

For purposes of calculating the amount in controversy, the district court has discretion in whether to consider a plaintiff's potential punitive damages and potential award of attorneys' fees. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (attorneys' fees). Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01428-DOC-SKx                          Date: June 28, 2024

Page 3

impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01428-DOC-SKx                         Date: June 28, 2024

                                                                              Page 4


### III.    Discussion

Defendant argues that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Not. ¶ 7. The Court disagrees.

Here, the actual damages is the equity that Plaintiffs claim, which is equal to $24,885.72. Plaintiffs' Statement of Damages ("Statement") at 2. Thus, $24,885.72 is at issue in this suit.

To reach the $75,000 jurisdictional threshold, Defendant argues that the Court should include punitive damages and costs to the total amount of $249,478.03. Not. ¶ 7. This Court does not, however, include such speculative awards when calculating the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added); *Chabner*, 225 F.3d at 1046 n.3 (same for punitive damages). Therefore, this Court does not have diversity jurisdiction over this case.

### IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                         Initials of Deputy Clerk: kdu

CIVIL-GEN